UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:19-cr-50-BJD-JBT

MARC LIONEL LEWIS  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Marc Lionel Lewis is a 53-year-old inmate incarcerated at Jesup FCI, serving a 60-month term of imprisonment for the distribution of child pornography. (Doc. 25, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October 25, 2023. Lewis seeks compassionate release because of his facility's allegedly inadequate response to the Covid-19 pandemic, because he has hypertension, and because he claims his wife is vulnerable to Covid-19 due to an autoimmune condition and fatigue. (Doc. 28, Motion for Compassionate Release).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Lewis has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). According to the Centers for Disease Control (CDC), those who have high blood pressure might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that are known to increase the risk of severe infection.[1] Moreover, Lewis's condition is managed through three blood pressure medications administered by the BOP: carvedilol, hydrochlorothiazide, and lisinopril. (Doc. 28-4, Medical Records at 4). There is no indication that Lewis's condition prevents him from being able to care for

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

2

himself. Indeed, the warden of Lewis's facility denied his request for compassionate release because he is self-sufficient, because he lacks a serious medical condition, and "[a]lthough [he has] Hypertension, FCI Jesup Health Services Department reports your diagnoses are controlled with medications." (Doc. 28-3, RIS Records at 2). In addition, high blood pressure is not an extraordinary condition. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for it.[2]

Lewis also asserts that his facility is not adequately responding to Covid-19. But as the United States observes, the BOP has undertaken extensive efforts to contain the spread of coronavirus. (Doc. 32, Response at 14-15). Moreover, the conditions at Jesup FCI do not rise to the level of extraordinary and compelling circumstances. Prisons are inherently difficult environments in which to control the spread of infectious diseases. As such, most BOP facilities have experienced an outbreak of Covid-19 to some extent. The state of affairs at Jesup FCI is not exceptional compared to other prisons. According to the BOP's latest data, zero inmates and 19 staff members are positive for coronavirus; 415 inmates and three staff members have recovered; and two inmates (out of 1,353 total inmates) have died.[3] That Jesup FCI has seen inmates and staff infected with Covid-19, alone or in combination with Lewis's hypertension, is not an "extraordinary and compelling" reason for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

---

[2]   https://www.cdc.gov/bloodpressure/facts.htm.

[3]   https://www.bop.gov/coronavirus/. Last accessed January 22, 2021.

3

Lewis further asserts that his wife is vulnerable to Covid-19 because she suffers from an autoimmune disorder and fatigue, and that he is her sole caretaker. Under U.S.S.G. § 1B1.13, extraordinary and compelling reasons for a sentence reduction may exist based on "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. 1(C)(ii). However, Lewis did not submit this reason for compassionate release to the BOP for review. (See Doc. 28-3). Rather, Lewis requested compassionate release based only on his own medical conditions. As such, this ground is unexhausted under 18 U.S.C. § 3582(c)(1)(A).

In any event, the record does not suggest that Lewis's wife is incapacitated. Ms. Lewis receives intravenous immune globulin (IVIG) therapy every four weeks to treat an immunodeficiency condition, which often leaves her fatigued in the days afterward. (Doc. 28-2, Supplemental Letters at 1-3). However, Lewis acknowledges that his wife is still able to work up to 28 hours a week as an occupational therapist. (See Doc. 28-1, Lewis Letter at 2; Doc. 28-2 at 1-2). While the Court is sympathetic to the burdens that Lewis's incarceration have imposed on Ms. Lewis, such burdens are often the consequence when a person is convicted of a serious crime and must serve time in prison. Accordingly, the Court concludes that Lewis has not established extraordinary and compelling circumstances warranting a reduction in sentence.[4]

---

[4] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

4

Finally, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Lewis is convicted of distribution of child pornography, which is a serious crime against children. The United States Sentencing Guidelines recommended a sentence of 108 to 135 months in prison, based on a total offense level of 31 and a Criminal History Category of I. (Doc. 23, Presentence Investigation Report [PSR] at ¶ 79). Lewis benefited from a significant downward variance when the Court sentenced him to a term of 60 months in prison. As of this date, Lewis has served approximately 18 months of his 60-month sentence, dating from July 23, 2019, when the Court remanded him into custody at the conclusion of the sentencing hearing. (See Doc. 24, Minute Entry). In view of all the § 3553(a) factors, further reducing Lewis's sentence is not warranted at this time.

Accordingly, Defendant Marc Lionel Lewis's Motion for Compassionate Release (Doc. 28) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of January, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:
Counsel of record
Defendant